(38 South. 271.)

No. 15,308.

JOHN B. HONOR CO., Limited, v. STEVE-
DORES' & LONGSHOREMEN'S
BENEV. ASS'N.*

(Feb. 13, 1905.)

DEFAULT JUDGMENT—EVIDENCE—SPECIFIC PER-
FORMANCE—DAMAGES.

1. The court should not, on confirmation of a
default, receive or consider as evidence the tes-
timony of a witness for plaintiff taken several
days before at chambers under an oath adminis-
tered by the minute clerk, and in the absence of
the defendant, when he had not been notified of
the time and place of the taking of the testi-
mony, had given no consent thereto, and no or-
der of the court had been given in respect to
the matter.

2. Plaintiff sued a corporation, alleging that,
though it had bound itself by contract to do a
certain thing, it had failed so to do, and, in
consequence thereof, he had suffered heavy dam-
ages. He prayed for citation on defendant, and
that it be condemned to a specific performance
of its contract. Should the court hold that
plaintiff was not entitled to a specific perform-
ance of the contract, then and in that event it
prayed for a judgment for damages. Plaintiff
afterwards expressly waived his demand for a
specific performance. *Held*, that no judgment
could be rendered for the plaintiff, as the con-
tingency upon which the alternative demand
was based could not arise.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish
of Orleans; Thomas C. W. Ellis, Judge.

Action by the John B. Honor Company,
Limited, against the Stevedores' & Long-
shoremen's Benevolent Association. Judg-
ment for plaintiff, and defendant appeals.
Reversed.

Terriberry & Butler and Charles Joseph
Théard, for appellant. Merrick & Lewis and
Philip Gensler, Jr., for appellee.

Statement of the Case.

NICHOLLS, J. The plaintiff company is
engaged in the business of loading and un-
loading vessels coming into the port of New
Orleans. The defendants were alleged in

*Rehearing denied March 27, 1905.

plaintiff's petition to be a corporation whose
business it was to furnish labor to parties
engaged in such business as it was engaged
in. That on the 25th of August, 1903, it
and the defendant entered into a contract
whereby it bound itself to employ all its
labor from the association, when available,
upon certain conditions set out in the con-
tract, and the defendant obligated itself to
do such work as was required of it.

That on the 8th of September it called
upon defendant, under the said contract, to
unload the steamer Santanderine. That de-
fendant, without cause, refused to unload
the said vessel. That said refusal was in
bad faith, unwarrantable, and had caused
it great loss of business. That it was vir-
tually prevented from conducting its busi-
ness by such refusal, and that damages were
an inadequate compensation to it for the
said willful and wanton breach of contract,
and it was entitled to a specific performance
of the contract by defendant. Plaintiff char-
ged, in the alternative, that, should the court
refuse to award judgment in its favor, or-
dering defendant to a specific performance of
its contract, then and in that event it aver-
red that it had suffered damages in the sum
of $20,000 on account of the willful and
wanton breach of contract referred to. In
view of the premises, it prayed for citation
upon defendant, and for judgment in its
favor against it, ordering and decreeing that
it comply with its contract of August 29,
1903, and that it perform the same in ac-
cordance with its terms, and adjudged to a
specific performance thereof; and, in the
alternative, it prayed for damages against
defendant in the sum of $20,000 damages.
Defendant was cited on the 10th of Sep-
tember, 1903, by service on its president,
Harry Keegan.

On the 15th of October, 1903, the plain-
tiff, with leave of the court, filed a supple-
mental and amended petition, in which it
averred that in its original petition it had

sued the defendant as a corporation; that it had grave reasons to question the corporate character of the defendant, and it charged, in the alternative, that, should defendant be an unincorporated association, then its members were jointly liable to it, each for his virile share on the contract which petitioner signed with the association on August 29, 1903, through the duly authorized agent of the association. Plaintiff reiterated its former allegation, set forth the breach of the said contract by the members of the said association, and averred that on the 8th of September the members of the association, though called upon, refused to unload the steamers Chaucer and Dagbin, in utter disregard and in violation of their contract; that, by the refusal of the said members to adhere to their contract, it was put to great inconvenience, and it suffered great loss of business.

That it waived its claim set out in its original petition for a specific performance of the said contract entered into with the association, as the members of the same had returned to work under another contract, similar to the one sued on.

Plaintiff, naming certain persons, alleged that they were members of the association, and were jointly liable to it, each for his virile share, in the amount of damages that it had suffered, to wit, $20,000.

Plaintiff prayed that the parties named be cited to appear and answer the supplemental and amended petition; that judgment be rendered in its favor for $20,000 jointly against said parties, each for his virile share. On November 12th the court, on motion of plaintiff's counsel, suggesting that the defendant, though duly cited, through its proper officer, had failed to answer, ordered that judgment by default be entered against defendant.

On February 19, 1904, the district court confirmed and made final the default which had been entered against the defendant on November 12, 1903, reciting that it did so on motion of plaintiff's attorney, and upon producing proof in support of plaintiff's demand, and the law and the evidence being in favor of the plaintiff. In confirming the said default, the court rendered judgment in favor of the plaintiff against the defendant association for the sum of $12,000 as damages for its failure. Defendant appealed.

The certificate of the district court attached to the transcript certifies that it contains all the evidence adduced upon the trial of the cause. An examination of the record discloses that the only evidence offered on the confirmation of the default was the testimony of John B. Honor, taken in chambers on the 9th of February, 1904; plaintiff's attorneys being then present, and defendant absent and not represented. The witness was sworn by the minute clerk.

### Opinion.

There is nothing going to show that the defendant had been notified of the intended taking of the testimony at the time and place it was taken, or that it consented that it should be so taken, or that there was any order of court on the subject.

The testimony so taken should not have been admitted or considered, but, even if it had been legally before the court, it was evidence utterly insufficient on which to base a judgment. Defendant's counsel urge that, independently of any question of evidence, plaintiff was not entitled to a judgment under the pleadings. They insist that when it waived its claim for a specific performance, admitting that the members of the association had returned to their work, that was an end of the case against the corporation, since the demand was for a specific performance, and that had been obtained.

Articles 1926 and 1927 of the Civil Code declare that, on the breach of any obligation to do or not to do, the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given when they have accrued according to the rules established in the following section:

"In ordinary cases the breach of such a contract entitles the party aggrieved only to damages, but when this would be an inadequate compensation and the party has the power of performing the contract he may be constrained to a specific performance by means prescribed in the laws which regulate the practice of the courts."

In this particular case the plaintiff neither asked for specific performance "and" damages, nor for damages alone. It asked for a judgment for damages only in the event and upon the contingency of the court's holding that he was not entitled to a specific performance.

By his own pleadings subsequently he withdrew that issue from determination by us, and the contingency upon which he prayed for a judgment for damages has not and cannot arise. While plaintiff can only recover what is legally due to it, it is at liberty, within the limits of its rights, to measure and control its demands. It has done so. It substantially claimed damages from the defendant only in the event that it would not in the future specifically perform its contract. Defendant has accepted the first branch of the alternative, and complied with the contract, as it was called on to do. Defendant's counsel is correct in saying that should have ended the case.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided, and reversed, and plaintiff's demand is hereby rejected, and its suit dismissed, with costs in both courts.