————o————

No. 7053.

## MAIER-WATT REALTY CO., LTD., v. MRS. LYDIA FOUCHE.

### Syllabus.

1. A judgment by default may be confirmed without a formal motion to that effect being addressed to the Court. C. P. 312.

2. It is not essential to the validity of a judgment that the date of the taking of testimony in support thereof should be evidenced by the minute entry alone of the clerk of court.

3. The validity of a judgment confirming a default is not affected by the fact that it was rendered several days after the evidence in support thereof had been submitted to the Court.

Appeal from the Civil District Court, Parish of Orleans, No. 118,219, Division "B"; Honorable Fred D. King, Judge. Affirmed.

John Watt, for plaintiff and appellee.

A. J. Rossi for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This is an appeal by defendant from a judgment taken against her in confirmation of a default.

Her complaint is not that the evidence taken fails to sustain the judgment but that this evidence should not be considered at all.

The default was formerly and legally entered on November 28 1916, and the note of evidence discloses that the evidence "On confirmation of Default" was duly offered by plaintiff in open court on February 9, 1917.

The judgment appealed from, rendered four (4) days thereafter, namely, on February 13th, 1917, and signed on February 26, 1917 insofar as pertinent, reads as follows:

> "On motion of John Watt attorney for plaintiff, and on producing to the Court due proof in support of plaintiff's demands, the law and the evidence being considered, and for the reasons this day orally assigned,
>
> "It is ordered, adjudged and decreed, etc."

The proposition submitted by appellant is that proof administered and offered on February 9, 1917, cannot serve

as evidence in support of an application to confirm a default made on February 13, 1917.

No formal motion is required in order to authorize a plaintiff to confirm a default. All he need do is to present his proof to the Court at any time after the legal delays following the entry of the default have elapsed, and ask for judgment. C. P. 312. And apparently this was done on February 9th, 1917, as appears from the recitals of the note of evidence heretofore referred to.

It is true that, according to the transcript before us, there appears to have been made by the Clerk of Court no minute entry to that effect, but we know of no law which makes it essential to the validity of a judgment that the date of the submission of proof in support of such judgment should be evidenced solely by the minute entry of the clerk.

We take it, therefore, that plaintiff, in confirming the default presented his evidence to the Court on the date and for the purpose stated in the note of evidence aforesaid, that is, on February 9th, 1917; and such being the case, there is no irregularity disclosed in the incident that the Court failed to render judgment until four days thereafter, namely, on February 13, 1917. For the law fixes no arbitrary time within which the Court must proceed to judgment upon the proof thus submitted to it.

The case of *Honor Co. v. Longshoremen, etc.*, 114 *La.*, 361, is not in conflict with this opinion, for there the confirmation of the default was based on evidence informally taken and submitted in chambers. Moreover the ruling in that regard is not only *obiter*, but is opposed to a juris-

prudence that appeared to have been settled as far back at least as the 23rd Annual.

See 6 *A.*, 521, *Williams & Co. v. Goodwin.*

23 *A.*, 54, *Yorke & Co. v. Scott & Co.*

The judgment appealed from is accordingly affirmed.

Judgment affirmed.

Opinion and decree, May 14th, 1917.

Rehearing refused, June 11th, 1917.

Writ denied, November 2nd, 1917.